UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| DEBORAH A. RECHEIRT and STEPHEN J. REICHERT, | Case No. 19-12484 (AMC) |
| Debtors. | |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of the DEBTORS' COMBINED MOTION (1) PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE (A) APPROVING AN ASSET SALE AGREEMENT AND AUTHORIZING THE SALE OF THE DEBTORS' PROPERTY LOCATED AT 122 E. 3rd STREET, POTTSTOWN, PA OUTSIDE THE ORDINARY COURSE OF BUSINESS, (B) AUTHORIZING THE SALE OF SAID PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (2) AVOIDING CERTAIN LIENS UNDER SECTION 506 OF THE BANKRUPTCY CODE (the "Sale Motion") (capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Sale Motion), and any responses thereto, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

    1.    The relief requested in the Sale Motion is granted in its entirety.

    2.    The Agreement and the transactions contemplated thereby be, and hereby are, approved and the Debtors be, and hereby are, authorized to enter into, and to perform their

obligations under, the Agreement and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the Agreement.

3.      The Debtors shall be, and hereby are, authorized pursuant to Sections 105 and 363(b) and 363(f) of the Bankruptcy Code, to sell the Property to the Purchaser.  Upon payment of the claims and obligations set forth on Exhibit D to the Sale Motion as modified and approved by this Court as the "Final Exhibit D," subject only to (i) monetary adjustments to certain claims based upon the per diem increase or (ii) as may otherwise be agreed to by any such party, such sale of the Property shall be free and clear of any and all liens, claims, encumbrances and interests, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all same to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Property, subject to all claims and defenses the Debtors may possess with respect thereto.

4.      Without in any way limiting, diminishing or modifying the foregoing, it is hereby ordered that the following mortgages are hereby avoided in their entirety pursuant to 11 U.S.C. § 506 (the "Avoidable Mortgages"):

   a. Open-End Mortgage to MERS, Inc., as nominee for GreenPoint MortgageFunding, Inc., dated 08/29/2005, and recorded 09/14/2005, in the Montgomery County Recorder's Office at Mortgage Book 11583, Page 1873, in the maximum principal amount of $20,300.00 as assigned to Deutsche Bank National Trust Company As Indenture Trustee For Certificateholders of

> GSR Trust 2005-HEL-1, Mortgage-Backed Notes Series 2005-HEL1, recorded on 06/29/2012, in Mortgage Book 13346, Page 1754.
>
> b. Mortgage to CommunityBanks, dated 11/22/2006, and recorded 01/03/2007, in the Montgomery County Recorder's Office at Mortgage Book 11990, Page 2278, in the original principal amount of $484,000.00.
>
> c. Open-End Mortgage to CommunityBanks, dated 11/22/2006, and recorded 01/03/2007, in the Montgomery County Recorder's Office at Mortgage Book 11990, Page 2292, in the maximum principal amount of $100,000.00.
>
> d. Mortgage to Nova Bank, dated 07/16/2010, and recorded 07/23/2010, in the Montgomery County Recorder's Office at Mortgage Book 12875, Page 655, in the original principal amount of $50,000.00.

5. With respect to the Avoidable Mortgages, the title company which is insuring title for the Purchaser under the Agreement is permitted to rely upon this Order for purposing of clearing the Avoidable Mortgages from title. In addition, each present holder or servicer of an Avoidable Mortgage shall within five days of the written request of the Debtors record a mortgage satisfaction piece with respect to any such Avoidable Mortgage. Finally, the Debtor, Deborah Reichert, is granted a limited power of attorney to act as the attorney in fact for any such holder of an Avoidable Mortgage to execute and deliver to the title company a mortgage satisfaction in form and substance satisfactory to the title company.

6. This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any documents or instruments. The Purchaser's title company and

insurer are permitted to rely upon this Order to effect a release of all liens, claims and encumbrances without the necessity of the provision or recordation of actual lien releases provided by the respective lienholders on the Property.

7. The sale of the Property to the Purchaser under the Agreement will constitute a transfer for reasonably-equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

8. The Purchaser is hereby granted and is entitled to the protections provided to a good faith purchaser under Section 363(m) of the Bankruptcy Code.

9. This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Debtors and the Purchaser, and their respective successors and assigns, including without limitation, any Chapter 11 trustee hereinafter appointed for any of the Debtors' estate or any trustee appointed in a Chapter 7 case if the case is converted from Chapter 11.

10. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Agreement and to resolve any dispute concerning this Order, the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order, including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature and extent of the Property and all issues and disputes arising in connection with the relief authorized herein.

11. This Order shall be self-executing. In the absence of any entity obtaining a stay pending appeal, the Debtors and the Purchaser are free to close under the Agreement after the expiration of the fourteen-day time period set forth in Bankruptcy Rule 6004(h). In the absence of any entity obtaining a stay pending appeal, if the Debtors and the Purchaser close under the Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the

protection of Section 363(m) of the Bankruptcy Code as to all aspects of the transactions pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

12. The sale approved by this Order is not subject to avoidance, pursuant to Section 363(n) of the Bankruptcy Code.

13. Pursuant to Sections 105 and 363 of the Bankruptcy Code, any and all creditors of the Debtors shall be barred, estopped and enjoined from taking any action of any kind against the Purchaser or the Property on account of any claim against any Debtor arising prior to the closing date.

14. The Purchaser is not a successor to the Debtors or their estates by reason of any theory of law or equity and the Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtors and/or their estate, except as otherwise expressly provided in the Agreement and related documents.

15. The Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Purchaser without further action of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to and effectuates the Agreement.

16. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to closing.

17. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

Dated: _____    _____
   **Date: July 22, 2021**    ASHELY M. CHAN
                                          UNITED STATES BANKRUPTCY JUDGE